UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 22-cv-61704-MIDDLEBROOKS

NADEJDA JASTRJEMBSKAIA and
AURORA CRUSIES AND TRAVEL, LLC,

    Plaintiffs,

vs.

INCRUISES, LLC, and INGROUP
INTERNATIONAL, LLC,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED PRO SE AND FOR RELIEF UNDER RULE 60(b)(6)

THIS CAUSE is before this Court upon Plaintiff Nadejda Jastrjembskaia's motion to Proceed Pro Se and for relief from my Order denying Plaintiff's Motion for Jurisdictional Discovery and Closing the Case (DE 62), filed on May 1, 2024. (DE 79). Defendants have not yet responded. For the reasons set forth below, Plaintiff's Motion is denied.

Plaintiffs initiated this lawsuit on September 9, 2022, against Defendants for alleged defamation and other state-law claims. (DE 1). On December 22, 2022, Defendants moved to dismiss for lack of personal jurisdiction. (DE 35). I granted the Motion to Dismiss and dismissed Plaintiff's Amended Complaint without prejudice. (DE 54). On March 28, 2023, I ordered Plaintiffs to show cause as to why this case should not be closed. (DE 55). On March 30, 2023, Plaintiffs filed a Motion and supporting memorandum, requesting that the Court grant them leave to file a Second Amended Complaint. (DE 56). I denied this Motion for three reasons: first, that Plaintiffs had failed to comply with local rules and file a proposed second amended complaint; second, that Plaintiffs had not provided any facts to show they planned to establish personal

jurisdiction; and third, Plaintiffs' allegation in the alternative that Mr. Hutchinson was a Florida resident and subject to general personal jurisdiction would defeat complete diversity and call into question this Court's subject matter jurisdiction. (DE 62). On November 6, 2023, Plaintiff Nadejda Jastrjembskaia filed a "Motion for Leave to Proceed Pro Se and For Relief from Order." (DE 68). Plaintiff made arguments for relief under Federal Rules of Civil Procedure 60(b)(1), 60(b)(2), and 60(b)(3). I analyzed Plaintiff's arguments and found that they were without merit. Accordingly, I denied that Motion. (DE 72).

Now Plaintiff Jastrjembskaia requests relief under Federal Rule of Civil Procedure 60(b)(6). Federal Rule of Civil procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6) is a catch all provision that allows a court to relieve a party from a final judgment for "any other reason that justifies relief." A movant seeking relief under Rule 60(b)(6) is required to show "'extraordinary circumstances' justifying the opening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Plaintiff argues that relief is warranted due to the posts and publicity about the lawsuit that she claims are still being perpetuated by Defendants against her on social media, which are affecting her health and well-being.

I have considered Plaintiff Jastrjembskaia's motion and the record in this matter, and I do not find that Plaintiff has made the requisite showing of extraordinary circumstances required for relief under this rule. Accordingly, it is hereby **ORDERED AND ADJUGED** that Plaintiff Nadejda Jastrjembskaia's Motion Requesting Relief from Final Judgment Under Federal Rules of Civil Procedure Rule 60(b)(6) (DE 79) is **DENIED**.

**SIGNED** in Chambers at West Palm beach, Florida this ⎽⎽ day of May, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE